IN THE UNITED STATES DISTRICT COURT 2017 JUL -3 P 4: 26
EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

U.S. DISTRICT CO...
EASTERN DIST. T...

| | |
|---|---|
| Shane Bruce ) | |
| v. ) | Civil Action #: 3:17-cv-285 |
| Great Britain ) | Mattice / Shirley |
| BP plc [British Petroleum] & subsidiaries ) | |
| Sir John Sawyers ) | |
| America Medical Association ) | |
| American Association of Poison Control Center ) | |
| Center of Disease Control, ) | |
| National Institute of Health ) | |
| Office of Secretary of Defense, James Mattis ) | |
| The University of Tennessee Medical Center ) | |
| Gregory A. Finch P.A. ) | |
| University Infectious Disease ) | |
| Stephen Teague M.D. ) | |
| UT Family Physicians LaFollette ) | |
| Lori P. Staudenmaier M.D. ) | |
| Christian Terzian, M.D. ) | |
| Tennova LaFollette Medical Center Clinic ) | |
| Jeffry Nitz, ) | |
| Lafollette Medical Center Tennova Healthcare ) | |
| Tennova Cardiology, et al ) | |

**Complaint for Restitution to Plaintiff from Tortious Inference,
Breached Contracts, Negligence & Malpractice by Civil Rights Violations**

Now comes the plaintiff, Shane Maddox Bruce with an action against Jeffry Nitz 919 E Central Ave Ste 102 LaFollette, TN 37766; Stephen Teague 919 E. Central Ave. Ste 102 LaFollette TN 37766; Thereby Tennova Cardiology 919 E. Central Ave. Ste 102 LaFollette TN 37766; Thereby Lafollette Medical Center Tennova Healthcare; Christian Terzian M.D. 905 E Central Ave, LaFollette TN 37766; Thereby Tennova LaFollette Medical Center Clinic M.D. 905 E Central Ave, LaFollette TN 37766; UT Family Physicians LaFollette Lori P. Staudenmaier M.D. 109 Independence Ln, Ste. 300 LaFollette, TN 37766; thereby UT Family Physicians, Gregory A. Finch The University of Tennessee Medical Center 1924 Alcoa Highway, Knoxville, Tennessee 37920; Thereby The University of Tennessee Medical Center; University Infectious Disease Mark Rasnake M.D. 1924 Alcoa Hwy, Knoxville, TN 37920; American Medical Association James L. Madara, MD AMA Plaza 330 N. Wabash Ave # 39300 Chicago, IL 60611; American Association of Poison Control Center Stephen T. Kaminski, JD 515 King St., Suite 510 Alexandria, Va. 22314; National Institute of Health Francis S. Collins, M.D., Ph.D. 9000 Rockville Pike Bethesda, Maryland 20892; Center of Disease Control Anne Schuchat (or director), MD 1600 Clifton Road, Atlanta, GA 30329 USA; Secretary of Defense James Mattis 1000 Defense Pentagon Washington, DC 20301-1000; BP plc Sir John Sawyers 1 St James's Square London, SW1Y 4PD; BP plc Mr. Michael Thomas 501 Westlake Park Boulevard Houston TX, 77079-2696; Thereby B.P. plc; Queen Elizabeth II of Great Britain Elizabeth Alexandra Mary Buckingham Palace London SW1A 1AA Thereby Great Britain

Plaintiff now brings this complaint to the court against the listed defendants as follows:
1. Plaintiff, Shane Maddox Bruce, is a citizen of the United States and former officer of service brings this Civil Action against the Defendants for compensatory and punitive damages pursuant to 42 U.S. Code § 1395dd as a civil rights violations leading to his personal injuries

from long neglect due to 'patient dumping' of the collective medical community of victims from the BP actions in the Gulf of Mexico. Appropriate treatments, guaranteed and enforceable by Social Security Act and also within the offices of U.S. Department of Health and Human Services Inspector General and Office for Civil Rights by several each and every laws including Emergency Medical Treatment and Labor Act ,Hill-Burton Act, federal civil rights laws: the Rehabilitation Act of 1973, the Americans with Disabilities Act; treatments which are presently denied by requiring an insolvent series of references by PCP medical doctors and specialists and self and government appointed agencies who have all displayed lack of medical competence/negligence/malpractice at the level of treatment/diagnoses in such the areas as to be malpractice despite patients indicating knowledge specific ailments and causes and a veritable encyclopedic online knowledge base compiled by victims of same as well as concerned citizens. This complaint brought by Tort Law, 18 U.S.C. § 2333(a) [civil remedies for terror victims] and 28 U.S.C. 1331 the Plaintiff requests this Court fully exercise its Jurisdiction as founded upon 28 U.S.C. 1331 in matters of variety, Article III, Section 2 (maritime), Act, 46 U.S.C. § 30101, 50Chp3§23 and whatever laws may apply including taking exceptions of 28 U.S.C. § 1605(a)(2) and 28 U.S.C. § 1603(a). Plaintiff, for his complaint, makes the following allegations:

2. That Great Britain and BP p.l.c. [British Petroleum public limited company is global parent company of the worldwide business operating under the "BP" logo; including BP America whose made claims to be the single largest investor in U.S. energy.] past and actions as of date of this complaint in attempts of covering their actions and conditions during and after the BP Deepwater Horizon explosion. Their attack tantrum, an act of a senseless destructive oligarchy, affected the entirety of the Space Corridor in their diseased machinations and results in worldwide genetic consequences. The genetically modified microbial fuse that caused the explosion and subsequent use of chemical toxins of mass destruction in the form of Corexit and/or other means, then attempts to obfuscate their machinations, whether by legal, illegal, having control of those commercial interests acting as their agent or being an organ of such a country, or whatever and various which would include acts of war or intrigue as a foreign country of a war crimes upon the U.S. infrastructures created a **tortious inference** in medical administration, dissemination about the conditions caused by the event and thwarted medical information how to care for the people of the U.S. of which plaintiff is a member of. By so interfering as a third party, the tortfeasors, British Petroleum and Great Britain, thereby committed **tortious inducement of breach of contract** between the other defendants and their express and tacit responsibilities as well as several implied and express contracts, and beneficial business towards the people of the United States and thereby of the plaintiff.

3. That British Petroleum is corporation agent and organ of Great Britain even after privatized in 1987 is well known and documented, that British Petroleum has ties to British intrigue is easily shown and is obvious as Sir John Sawyers, head of UK's Secret Intelligence Services MI6 was appointed to British Petroleum board serving it and by it GB as its Chair member of BP as safety, ethics and environmental assurance, exactly where intrigue is to be suspected, individual person of defendant of interest and demonstrable knowledge of intrigue on the level of the tortfeasors at the nation of the United States. BP's shares and board are controlled by those in service of Great Britain, thereby owned by Great Britain and 10% of Great Britain pension economy; thus negating sovereign immunity by taking exception pursuant 28 U.S.C. § 1603(a); 28 U.S.C. § 1605(a)(2); Magna Carta, Justice Against Sponsors of Terrorism and exceptions provided to the plaintiff by the Amended Foreign Sovereign Immunities Act.

4. That Great Britain and British Petroleum did release 200,000,000 (Two Hundred Million) to 400,000,000 (Four Hundred Million) gallons of microbial cultured oil in the explosion caused by the microbial timed fuse. That genetically modified bacteria then caused a genetic contagion by 'mobile genetic elements' used in transforming the bacteria for use in higher temperatures then affected the plaintiff, an unwilling genetic transformation which was discovered this 2017. RST §435B (Scope of Liability), RST §46 (Outrageous conduct causing severe emotional distress, of what many including this plaintiff will call war crimes by like comparison to USC 50:32§1520(a) and RTT §1), RST §21 (the use of in excess of 1,000,000 lbs. (One million pounds) of arsenic plus infecting microbes is intentional harm) RTT:GP§12 (violations of EPA, statutes, generally accepted definitions of war crimes).

5. **Incorporating paragraphs 1 through 4**, in that this plaintiff has suffered chronic infection for 6 years from a genetically modified bacteria BP used as a microbial fuse and 4 years of heavy metal poisonings including that of arsenic, arsenic which **Great Britain by British Petroleum** had dumped a million gallons of as some strike against the Gulf Coast and following that made several motions to hide some information by legal actions and by illegal actions further kept such information from being disseminated directly contributed to years of physical suffering and disability with forever altered plaintiffs DNA by the microbial infections bearing human-made mobile genomic elements and by Tort law held to the tort standards of repayment to the plaintiff of medical and financial damages, loss of income, disability and unwilling alteration to his genome. The alteration to plaintiffs genome now, due to long neglect of adequate medical response, requires special environments and probably very long monitoring with conditions unseen far into the future. The plaintiff ask the courts to find for this plaintiff and order **British Petroleum and Great Britain, tortfeasors, to pay $250,000.00 (Two Hundred and Fifty Thousand Dollars) each** to this plaintiff **and Sir John Sawyers to pay $96,000 (Ninety Six Thousand Dollars) to the plaintiff by RST§875, RTT:GP §12:**.

6. Incorporating **paragraph 5**, that defendants the **American Association of Poison Control Center, American Medical Association [AMA], Center for Disease Control [CDC], National Institute of Health and Secretary of Defense who should be organizing them** *(while maintaining Federal Question should the U.S. wish to join the plaintiff against tortfeasors named as defendants in this suit, whether these defendants or others within the U.S. are also tortfeasors or worse traitors)* are negligent, breach of implied and express contracts, and question of interference of contract in their administrative and management of the medical industry/defense in the United States, in that if the conditions that affected thousands in the Gulf and pertinent, essential, and necessary medical information had been disseminated by that those controlled by the defendants that have so sought such control, even when unbalanced, controlled by foreign intrigues or at the behest of those external enemies which caused them so betray the nation and peoples who've they've express and implied contracts to serve as a beneficial business as, which contributed directly to years and decades to come of physical distress, illness and suffering. For which the plaintiff asks the court to require **$75,000 (Seventy-Five Thousand) from each** of these defendants to be paid to the plaintiff pursuant **RST§18 failure to warn, and as such warning is the primary if not only function of such groups, RST§323, RST§878 (concurrent and consecutive acts), RST§284 (negligence of duty)**

7. While incorporating the previous paragraph that several medical professionals, doctors, hospitals and clinics are and were so deficient in their medical diagnoses and treatments of the conditions of those of paragraphs 2&3, despite that the plaintiff repeatedly and explicitly outlining the very same conditions from paragraph 5 even to this plaintiff insisting on cultures of specific bacteria and chronic hypothermia at room temperatures **(hypothermia has the status of medical emergency, just one of the symptoms/conditions caused from untreated carditis gmo infection and/or mobile genetic elements from same, either requiring a 3 to 4 week hospital stay of IV antibiotics to cure or prevent)**. That this plaintiff remained without any sufficient treatment by any medical personnel as defined as controlled or managed by separate defendants indicated in paragraph 6. **Jeffry Nitz, Christian Terzian M.D., Stephan Teague M.D., Tennova Cardiology, Lafollette Medical Center Tennova Healthcare, Tennova LaFollette Medical Center Clinic, Lori P. Staudenmaier M.D., UT Family Physicians LaFollette, Gregory A. Finch, The University of Tennessee Medical Center, University Infectious Disease** have been added as examples of those that, while lacking some management, administration and control that they have not suitably demonstrated the sufficient initiative (RST§479 and RST§323) even at specific condition indicated by plaintiff, thereby negligent and medical malpractice not performing their duty of scientific inquiry beyond that of the conditioning and training pursuant RST§284.

8. That the plaintiff seeking at much medical aid as he could, the defendants of paragraph 7 represent doctors/medical of the last year alone pursuant again by RST§479. The negligence systemic to the medical industry which had either been made or purposely misdirected medical personnel from knowing and understanding those conditions and necessary medical information surrounding the BP Oil mechanizations, thereby directly contributing to a continued medical neglect (RST§323 services to another which he should recognize as necessary for the protection of the other's person) being that the plaintiff hasn't once been treated for chronic infection/carditis nor arsenic poisoning by AMA directed peoples nor professionals, which by the plaintiff has survived by much personal effort and enterprise. Plaintiff asked to be awarded **$15,000 (Fifteen Thousand Dollars) by each** of these defendants pursuant **RST§878 concurrent and consecutive acts** by order of the court.

9. Defendants refused adequate and necessary medical care, diagnoses and treatments in negligence medical malpractice to include outrageous conduct to even to consider causes or research of medical ailments, further lying to the plaintiff, patient at the time, about conditions and diagnoses and possible causes then not only that of neglect RTT§4: but into more serious aspects of malpractice to continue a condition without concern to the patients only to continue to press patients to be "easy" to accept negligence while pushing pills upon them without care or acknowledgement that the causal condition untreated caused further harm to plaintiff pursuant RST§323. Such systemic negligence becomes reckless especially over a period of weeks, months much less years when a continuing illness causes further physical damage causes emotional distress whereby all the defendants were in deliberate disregard for potential distress by RST§46 by which punitive damage may apply to any of the listed defendants.

10. Monies asked for this plaintiff total of $1,136,000 (One Million One Hundred and Thirty-Six Thousand Dollars): Given that due to the several years of neglect and civil rights violations based on this action, the plaintiff will have to require not only long medical care but several specialists such as monitoring of the many possible long-term effects of arsenic poisoning, but that of relocating to a very hot climate far from family or friends and support networks on which he has become to depend during such a long illness to cope with the genetic transformation/gmo carditis which now required temperatures thought extreme by the norm. Almost the plaintiff's non-employed entire income for the last 6 years of physical agony has been spent in desperate measures to care for himself in the absence of necessary medical care. Also to mention exorbitant use of utilities for heating, vitamin supplements, chelation compounds, and oral antibiotics from foreign markets, and having to build saunas to maintain my life in emergency situations, etc to include that of any and all costs to my support network on my behalf, fairly unable to leave the house for any length of time during cold temperatures. Such monies are not only simple compensation and restitution, but needed to acquire properties of residence in hotter climates which have a much higher cost of living than he's presently abiding it. Such is a minimum of added costs upon the plaintiff which would be avoided if prompt medical care had been forthcoming. Stress has been so great that I the plaintiff am dependent on emotional support animals, two years I could barely rise from my bed. May there be any punitive damages from the defendants, such will probably need needed and used by the plaintiff, which I now ask that defendants be made to pay to the plaintiff such restitution.

11. The court may empanel a jury for this pro se plaintiff.
12. WHEREFORE, plaintiff asks to have this and that other, further and general relief to which he may show himself entitled as plaintiff in tort action against each and every defendant RST§46 due to the defendants egregious improprieties of the court for justice and to uphold and maintain his rights, also to order reparations for his loss in compensation for bodily injury, personal injury, mental and physical suffering, together with the cost of this action by and protect same adoption of standards against invaders by RST§286, jurisdiction by USC 50Chp3§23 and by each and every law applicable.

13. and as the courts may, that the courts ensure peoples safety here and worldwide of which this plaintiff is a member in this public venue in express and implied contracts in examining the imperatives of USC 50:32§1522 (conduct of chemical and biological defense program) with any punitive, regulation, seizures and injunctions against causal defendants and any genomic manipulations which now can be shown as cross-species contagious and damaging to safety.

14. Further that the courts find that USC 50:32§1522 supersedes and takes precedence over 42 USC 1395 if in true service to these people and constituents of the population.

*Shane Maddox Bruce*
Plaintiff : in propria persona
Shane Maddox Bruce
313 W. Prospect St.
LaFollette, TN 37766
(321)328-8680
GoldenSage@Live.Com