UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SHANE MADDOX BRUCE | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. 3:17-CV-285 |
| | ) | |
| GREAT BRITAIN BP, PLC ET AL., | ) | |
| UNIVERSITY OF TENNESSEE | ) | |
| MEDICAL CENTER, GREGORY A. | ) | |
| FINCH, P.A. | ) | |
| | ) | |
| DEFENDANTS | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT GREGORY A. FINCH, P.A.'S MOTION TO DISMISS**

Defendant Gregory A. Finch, PA (hereinafter "Mr. Finch"), by and through counsel, submits this Memorandum of Law in Support of his Motion to Dismiss. For the reasons stated below, the Complaint fails to state a claim upon which relief can be granted against the Defendant and should be dismissed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

**I.   Standard of Review**

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Nevertheless, "though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain 'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but pleadings must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* at 555. An "unadorned, 'the-defendant-unlawfully-harmed-me accusation" is not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although *pro se* pleadings are liberally construed, basic pleading essentials are not abrogated. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

II. **Health Care Liability is the Only Discernable Claim against this Defendant**

The complaint in this case raises numerous causes of action against the twenty-plus defendants, including "tortious inference [sic], breached contracts, negligence & malpractice by civil rights violations," violation of EMTALA, Hill-Burton Act, Rehabilitation Act of 1973, ADA, etc. It is not possible to decipher whether the Plaintiff intends to assert all of these claims against this Defendant, as no facts pertaining to this Defendant's conduct have been alleged.

Medical malpractice is the only cognizable claim against this Defendant that can be discerned from the Complaint. This Defendant is a physician assistant practicing in the emergency department at the University of Tennessee Medical Center in Knoxville. In the only paragraph which mentions this Defendant by name, the Plaintiff alleges that Mr. Finch has "not suitably demonstrated the sufficient initiative . . . even at specific condition indicated by plaintiff, thereby negligent and medical malpractice not performing their duty of care." [Doc 1, ¶ 7]. Earlier in paragraph 7, the Plaintiff alleges that "several medical professionals, doctors, hospitals and clinics are and were so deficient in their medical diagnoses and treatments of the conditions of those of paragraphs 2&3 . . .." [Doc. 1] Although paragraphs 2 and 3 do not appear to describe any medical condition allegedly suffered by the Plaintiff, paragraph 5 alludes to chronic infection resulting in alteration to plaintiff's genome. [Doc. 1] Paragraph 8 states that the

Plaintiff has not been treated for chronic infection/carditis and arsenic poisoning, and Paragraph 9 lists arsenic poisoning and genetic transformation/gmo carditis as conditions which the Plaintiff now suffers. [Doc. 1] Piecing together these allegations, it appears that the Plaintiff alleges that the health care defendants, including Mr. Finch, did not adequately diagnose or treat conditions allegedly caused by the BP oil spill. The Complaint is clearly attempting to assert a state law claim of medical malpractice, or health care liability as it is now termed in Tennessee, against this Defendant.

### III. Plaintiff Failed to Comply with the Tennessee Health Care Liability Act

The Plaintiff failed to comply with the pre-suit notice and certificate of good faith requirements of the Tennessee Health Care Liability Act, and, accordingly, the Plaintiff's state law claims related to the provision of health care services by Mr. Finch should be dismissed. Tennessee law defines "health care liability action" as:

> any civil action, including claims against the state or a political subdivision thereof, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based.

Tenn. Code Ann. § 29-26-101(a)(1).

"Health care services" are defined to include care by physician assistants such as Mr. Finch. § 29-26-101(b). Additionally, the statute states that "[a]ny such civil action or claim is subject to this part regardless of any other claims, causes of action, or theories of liability alleged in the complaint." § 29-26-101(c).

Section 29-26-122 of the Health Care Liability Act provides that, "[i]n any health care liability action in which expert testimony is required by § 26-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint." The certificate of good faith must demonstrate that the plaintiff or plaintiff's counsel has consulted with a competent expert,

and that the expert has provided a signed written statement confirming that there is a good faith basis to maintain the action. *Id*. The "failure of a plaintiff to file a certificate of good faith in compliance with [§ 29-26-122(a)] shall, upon motion, make the action subject to dismissal with prejudice." § 29-26-122(c). The certificate of good faith requirement, along with the pre-suit notice requirement discussed below, are substantive law. *See Litton v. Wellmont Health Systems*, 2012 WL 4372375 at *4 (E.D. Tenn. Sept. 24, 2012).

The claims against Gregory A. Finch, PA clearly relate to the provision of health care services. Additionally, allegations concerning diagnosis and treatment of chronic infection, arsenic poisoning, carditis, altered genomes, and genetic transformation are not within the knowledge of ordinary laymen, and, as such, require expert testimony. *See Seiber v. Anderson County*, 2011 WL 6258446 at *11 (E.D. Tenn. Dec. 14, 2011)(citing *Kenyon v. Handal*, 122 S.W.3d 743, 758 (Tenn. Ct. App. 2003)). Accordingly, the Plaintiff was required to file a certificate of good faith with the complaint, but failed to do so. The Plaintiff's failure to satisfy the certificate of good faith requirement mandates dismissal with prejudice. *White v. Washington County*, 85 F. Supp.3d 955, 960 (E.D. Tenn. 2015)(citing *Myers v. AMISUB (SFH), Inc.,* 382 S.W.3d 300, 308 (Tenn.2012)).

Additionally, Tenn. Code Ann. § 29-26-121 required the Plaintiff to (1) provide 60 days written notice before filing a claim for health care liability and (2) file documentation of the pre-suit along with the Complaint. The Plaintiff did neither. Because the Plaintiff's state law claims should be dismissed for failure to file the required certificate of good faith, it is unnecessary to consider whether the claims also should be dismissed for failure to satisfy the pre-suit notice requirement. *See, e.g., Moses v. Dirghangi*, 430 S.W.3d 371, 383 (Tenn. Ct. App. 2013) ("Because Ms. Moses' failure to file a certificate of good faith is fatal to her medical malpractice

4

claims, any issue of her failure to comply with the medical malpractice pre-suit notice requirements is pretermitted."); *Litton v. Wellmont Health Systems*, 2012 WL 4372375 at *1 (stating that the court "need not address the Pre-suit Notice issue," because the failure to comply with the certificate of good faith requirement "is dispositive"). Nevertheless, even if the Plaintiff had satisfied the certificate of good faith requirement or proved an adequate reason for failing to do so, his claims still would be subject to dismissal for failure to comply with the pre-suit notice requirement under Tenn. Code Ann. § 29-26-121.

### IV. All Other Claims, to the Extent Asserted, Should be Dismissed

Any additional causes of action against this Defendant, to the extent any are asserted, should also be dismissed for failure to state a claim. Even liberally construed, the complaint does not in any way articulate how this Defendant breached any contract or violated any federal statute or civil right of the Plaintiff. As to any claim beyond health care liability, the Complaint fails to meet basic pleading standards or to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* at 555.

### V. Conclusion

Accordingly, Defendant Gregory Finch, PA-C respectfully moves the Court to dismiss all claims against him with full prejudice.

Respectfully submitted this 13th day of September 2017.

                                                         DEFENDANT GREGORY FINCH, P.A.

                                 By:    /s/ R. Scott Durham
                                                  R. Scott Durham (BPR No. 025361)
                                                  London & Amburn, P.C.
                                                  607 Market Street, Suite 900
                                                  Knoxville, TN 37902
                                                  Phone: (865) 637-0203
                                                  Fax: (865) 637-4850
                                                  sdurham@londonamburn.com

5

Case 3:17-cv-00285-HSM-CCS   Document 25   Filed 09/13/17   Page 5 of 6   PageID #: 120

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

      This the 13th day of September 2017.

      By:  /s/ R. Scott Durham
           R. Scott Durham (BPR No. 025361)
           Counsel for Defendant Gregory Finch, PA
           LONDON & AMBURN, P.C.
           607 Market Street, Suite 900
           Knoxville, TN 37902
           Phone: (865) 637-0203
           Fax: (865) 637-4850
           sdurham@londonamburn.com