UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

SHANE MADDOX BRUCE, )
)
    Plaintiff, )
)
v. ) Docket No. 3:17-cv-285
)
GREAT BRITAIN, et al., )
)
    Defendants. )
)

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT AMERICAN MEDICAL ASSOCIATION'S
MOTION TO DISMISS**

Defendant American Medical Association ("AMA"), by and through counsel, submits this Memorandum of Law in support of its Motion to Dismiss the Complaint filed against it, pursuant to Rules 12(b)(1) and 12(b)(6) of the *Federal Rules of Civil Procedure*. Upon dismissal of the Complaint, AMA requests an award of reasonable attorneys' fees as a prevailing party under 42 U.S.C. § 1988.

This action was filed *pro se* by Shane Maddox Bruce on July 3, 2017. AMA was served on September 15, 2017. The Plaintiff has the responsibility to demonstrate this Court's subject matter jurisdiction over the alleged controversy. Serial reference to federal statutes is not enough to demonstrate the requisite subject matter jurisdiction. A fair, even overly charitable analysis of the Complaint, leads to a single conclusion: the Plaintiff has not pled a cognizable cause of action arising under federal law. This Court is without subject matter jurisdiction.

Any cause of action properly pled under the Federal Rules of Civil Procedure must contain factual allegations supporting all material legal elements of the claim. Each legal theory and statute embraced as the reason for the Complaint fails to include indispensable factual allegations.

1

Finally, *Federal Rule of Civil Procedure* 8(a) requires plain statements in a pleading placing a defendant on notice of the nature of the claim and the factual basis for the claim of a right to recovery. The Complaint fails to satisfy the minimal requirements of *Federal Rule of Civil Procedure* 8(a).

## Law and Argument

**A.     Grounds for Motion to Dismiss**

A motion to dismiss a complaint should be granted when there is "no set of facts which would entitle plaintiff to recover."[1] In the evaluation of a motion to dismiss, the well-pleaded facts which are alleged in the challenged complaint must be taken as true but also must stand alone, as no matters outside the complaint may be considered.[2] The proper remedy when sustaining a motion to dismiss for failure to state a claim under *Federal Rule of Civil Procedure* 12(b)(6) is dismissal with prejudice.[3] The proper remedy when sustaining a motion to dismiss for lack of subject matter jurisdiction under *Federal Rule of Civil Procedure* 12(b)(1) is dismissal without prejudice.[4]

**B.     Failure to Establish Subject Matter Jurisdiction**

The Complaint should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). As the Supreme Court has repeatedly held, "federal courts are without power to hear cases otherwise within their jurisdiction but that are so attenuated, implausible, frivolous and unsubstantial as to be clearly devoid of merit."[5] Therefore, the Sixth Circuit has recognized:

---

[1] *Glarner v. U.S., Dept. of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994).
[2] *Id*.
[3] *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 (1981)).
[4] *Pratt*, 365 F.3d at 522.
[5] *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974).

[a] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.[6]

When subject matter jurisdiction is challenged by a defendant, "the plaintiff has the burden of proving jurisdiction in order to survive the motion."[7] Specifically, the plaintiff must show that the complaint alleges a claim under federal law, and that the claim is not "wholly unsubstantiated" or "frivolous."[8] Once a Rule 12(b)(1) motion is made, the district court is empowered to take evidence and resolve factual disputes to determine if jurisdiction is proper.[9]

Section 1331 of Title 28 of the United States Code provides that, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[10] However, not every complaint that cites a federal statute "arises under" that statute for purposes of § 1331. Non-conclusory allegations in the complaint must show a cause of action that was created by federal law or state law claims of which a disputed question of federal law is a necessary element.[11] Courts properly dismiss claims arising under federal statutes when

---

[6] *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).
[7] *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266 (6th Cir. 1990).
[8] *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 332 (6th Cir. 2007). A complaint is frivolous if the plaintiff fails to present a claim with "an arguable basis either in law or in fact." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A complaint has no arguable legal basis when it presents "indisputably meritless" legal theories, such as claims premised on infringement of a legal interest that clearly does not exist. *Id*. (citing *Neitzke*, 490 U.S. at 327-28). A complaint has no arguable basis in fact when its allegations are clearly baseless or it describes a "fantastic or delusional" scenario. *Id*.; *Abner v. SBC* (Ameritech), 86 Fed. Appx. 958 (6th Cir. 2004).
[9] *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986) (applying Rule 12(b)(1)).
[10] 28 U.S.C. § 1331.
[11] *Mich. Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002); *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016).

3

the claim is so insubstantial, implausible, or completely devoid of merit that a true federal controversy is not at stake.[12]

Mr. Bruce's decision to enumerate random federal statutes has not worked in the past, and should not work here. In *Bruce v. Suetos*, plaintiff Shane Maddox Bruce sued the California Department of Motor Vehicles.[13] The United States District Court commented that Mr. Bruce's complaint included a "bewildering array of authority," including Benjamin Franklin and court cases from as early as 1871.[14] The Court dismissed the complaint because it did "not state any facts or provide any legal theories upon which this Court may exercise jurisdiction."[15] *Bruce v. Suetos* is instructive for analyzing this Complaint, constructed in a similar manner. The result of the analysis is the same. The Complaint against these Defendants should be dismissed in accordance with *Federal Rule of Civil Procedure* 12(b)(1).

## C. Failure to State a Claim upon Which Relief Can Be Granted

The only mention of the AMA in the Complaint or any proposed amendment is contained in paragraph #6 of the Complaint:

> 6. Incorporating paragraph 5, that defendants the American Association of Polson Control Center, American Medical Association [AMA], Center for Disease Control (CDC), National Institute of Health and Secretary of Defense who should be organizing them *(while maintaining Federal Question should the U.S. wish to join the plaintiff against tortfeasors named as defendants in this suit, whether these defendants or others within the U.S. are also tortfeasors or worse traitors)* are negligent, breach of

---

[12] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *see also Apple v. Glenn*, 183 F.3d 477, 480 (6th Cir. 1999) ("Dismissal for lack of subject matter jurisdiction pursuant Rule 12(b)(1) is appropriate where the Court is faced with a complaint so frivolous or unsubstantial that it is totally implausible.").
[13] *Bruce v. Suetos*, No. CV12-7263-R, 2013 WL 831402, at *1 (C.D. Cal. March 5, 2013). To the best of undersigned counsel's knowledge, the plaintiff in *Bruce v. Suetos* was one and the same as the Plaintiff in the instant case.
[14] *Id*.
[15] *Id*.

4

> implied and express contracts, and question of interference of contract in their administrative and management
> of the medical industry/defense in the United States, in that if the conditions that affected thousands in the Gulf and pertinent, essential and necessary medical information had been disseminated by that those controlled by the defendants that have so sought such control, even when unbalanced, controlled by foreign intrigues or at the behest of those external enemies which caused them so betray the nation and peoples who've they've express and implied contracts to serve as a beneficial business as, which contributed directly to years and decades to come of physical distress, illness and suffering. For which the plaintiff asks the court to require $75,000 (Seventy-Five **Thousand)** from each of these defendants to be paid to the plaintiff pursuant RST§l8 failure to warn, and as such warning is the primary if not only function of such groups, RST§323, RST§878 (concurrent and consecutive acts), RST§284 (negligence of duty).

Counsel for AMA cannot distill any facts remotely establishing any recognizable claims or causes of action in these statements. Although the terms negligence and breach of contract are used, there are no facts that resemble either cause of action. There are simply no requisite elements contained among these unusual allegations. The seeming references to statutes are unknown. It is impossible to identify any duty or contractual relationship. Therefore, AMA must be dismissed with prejudice pursuant to *Federal Rule of Civil Procedure* 12(b)(6).

The Plaintiff's allegations relating to AMA are general and lack sufficient substance to state a claim against it for which relief could be granted. Actionable pleadings must show that the pleader is entitled to relief, place the defendant on fair notice of what the claim is, and the grounds upon which the claim rests.[16] To determine if a complaint should be dismissed, "courts must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine if the complaint

---

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

5

'contains enough facts to state a claim to relief that is plausible on its face.'"[17] Facial plausibility is defined as a reasonable inference by the court that the defendant is liable for the conduct alleged.[18] The reviewing court must determine not whether the plaintiff will ultimately prevail, but whether there is "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[19] Therefore, to survive a motion to dismiss under 12(b)(6), a complaint must contain direct or inferential allegations supporting all material elements of the claims.[20]

Here, the Plaintiff failed to plead plausible allegations supporting the material elements of any claim against AMA. Moreover, the Complaint contains no factual content that could possibly allow the Court to draw any inference, much less a reasonable one, that AMA is liable for any misconduct.[21] Specific deficiencies in the pleading of particular causes of action are described below.

Allegations under the federal Anti-Terrorism Act fail to address material elements such as the presence of terrorist activity as defined by 18 U.S.C. § 2332(1), the involvement of a foreign terrorist organization registered by the Secretary of State, or that any defendant had a knowing intent or was deliberately indifferent to supporting terrorism.[22]

---

[17] *Neeley v. Grainger Cnty. Gov't*, No.: 3:15CV-180-TAV-HBG, 2017 WL 782897, at *1, *8 (E.D. Tenn. Feb. 28, 2017) (quoting *Twombly*, 550 U.S. at 570).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[19] *Id*. at 1950.
[20] *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) ("[C]omplaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory.").
[21] *Assoc. of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) ("factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.").
[22] *See Stansell v. BGP, Inc.*, No. 8:09-cv-2501-T-30-AEP, 2011 WL 1296881, at *1, *9 (M.D. Fla. March 31, 2011).

References to the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990 are equally defective. Missing are indispensable allegations such as Mr. Bruce meeting the criteria defined by 42 U.S.C. § 12102, or that he was subjected to discrimination *because* of that disability.[23]

The reference to 42 U.S.C. § 1983 does not assure subject matter jurisdiction. Missing are factual allegations addressing how AMA could be treated as a public actor, acting under the color of state law, or acting in concert with any government agent.[24]

D.   **Claim for Attorney's Fees under 42 U.S.C. § 1988**

Alleging a right of action under 42 U.S.C. § 1983 which so clearly fails to state a claim for which relief can be granted, compels AMA to seek an award of attorney's fees under 42 U.S.C. § 1988(b).[25] When a § 1983 action is dismissed for lack of subject matter jurisdiction or failure to state a claim, the moving defendant is a prevailing party under 42 U.S.C. § 1988.[26]

An award of fees under § 1988 is appropriate when a plaintiff's claim was "frivolous, unreasonable, or groundless, or the plaintiff continued to litigate after it clearly became so." Fee awards can be assessed against *pro se* plaintiffs under § 1988 when a case's lack of merit warrants the award.[27] The Plaintiff's Complaint fits the criteria for an award of fees. Although certainly colorful and novel, the complaint is frivolous, unreasonable, and groundless on its face.

---

[23] *See Neeley v. Grainger Cnty. Gov't.*, No.: 3:15-CV-180-TAV-HBG, 2017 WL 782897, at *1, *16 (E.D. Tenn. Feb. 28, 2017).
[24] *See Maliani*, 2010 WL 4054268, at *5 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).
[25] 42 U.S.C. § 1988(b).
[26] *See Werch v. City of Berlin*, 673 F.2d 192 (7th Cir. 1982) (affirming award of attorneys' fees to moving defendant after dismissal for lack of jurisdiction); *Dubay v. Wells*, 506 F.3d 422 (6th Cir. 2007) (affirming award of attorneys' fees to moving defendant after dismissal for failure to state a claim under Rule 12(b)(6)).
[27] *Olsen v. Aebersold*, 149 Fed. Appx. 750, 752, Nos. 03-2230, 03-2238, 2005 WL 2093012, at *1, *2 (10th Cir. Aug. 31, 2005) (affirming § 1988 fee award against pro se plaintiffs after the

7

**Conclusion**

The Complaint fails to establish that the claims raised are within the subject matter jurisdiction of the Court and fails to state a claim against AMA for which relief can be granted. Indeed, for each cause of action within the Complaint against AMA, the Plaintiff failed to make well-pleaded factual allegations of the indispensable, material elements in order to demonstrate a plausible claim for relief. The Complaint as a whole should be dismissed with prejudice.

Upon an Order dismissing the Complaint for failure to state a claim or lack of subject matter jurisdiction, AMA qualifies as a prevailing party under 42 U.S.C. § 1988. AMA respectfully moves the Court to permit recovery of its reasonable attorneys' fees.

Respectfully Submitted,

/s/ David L. Steed
David L. Steed, BPR # 7361
(*Pro hac vice*)
E-mail: DLSteed@cclawtn.com

/s/ Peter C. Robison
Peter C. Robison, BPR #027498
E-mail: pcrobison@cclawtn.com

/s/ Eileen M. Forsythe
Eileen M. Forsythe, BPR #034237
E-mail: emforsythe@cclawtn.com
CORNELIUS & COLLINS, LLP
1500 Nashville City Center, 511 Union Street
Nashville, TN 37219
Telephone (615) 244-1440
Facsimile (615) 254-9477
Attorneys for Defendant,
American Medical Association

---

filing of several federal lawsuits dismissed for lack of jurisdiction) ("Pro se petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations that deter other litigants from filing frivolous lawsuits."). *See also Jones v. Orange Housing Authority*, 559 F. Supp. 1379 (D.N.J. 1983) ("The Court has found no case in which the defendant's pro se status has been considered to be a special circumstance justifying the denial of fees.") (footnote 4).

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been served via U.S. Mail, postage prepaid **to the plaintiff *pro se*, Shane Bruce, at 313 W. Prospect Street, LaFollette, TN 37766**; and via electronic case filing, to the following on this 5th day of October, 2017:

Stephen C. Daves, Esq.
O'Neil, Parker & Williamson
7610 Gleason Drive, Suite 200
Knoxville, TN 37919

Attorney for Defendant,
The University of Tennessee Medical Center

Robert Scott Durham, Esq.
London & Amburn, P.C.
607 Market Street, Suite 900
Knoxville, TN 37901

Attorney for Defendant,
Gregory A. Finch, P.A.

Edward G. White, II, Esq.
Joshua J. Bond, Esq.
Hodges, Doughty & Carson, PLLC
617 Main Street
P.O. Box 869
Knoxville, TN 37901-0869

Attorneys for Defendants, University Infectious Disease; Stephen Teague, M.D.; UT Family Physicians LaFollette; and, Lori P. Staudenmaier, M.D.

Clarence J. Gideon, Jr., Esq.
Justin Blake Carter, Esq.
Gideon, Cooper & Essary, PLC
315 Deaderick Street, Suite 1100
Nashville, TN 37238

Attorneys for Defendants,
Christian Terzian, M.D.; Tennova LaFollette Medical Center Clinic; Jeffry Nitz; LaFollette Medical Center Tennova Healthcare; Tennova Cardiology; and Mark Rasnake, M.D.

/s/ David L. Steed
   David L. Steed