UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SHANE BRUCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-285-HSM-DCP |
| | ) | |
| GREAT BRITAIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Return of Filing Fee [Doc. 86] and Plaintiff's Motion to Extend Time of Service [Doc. 106]. The Motions are ripe for adjudication. Accordingly, the Court has considered the relief requested in the Motions, and for the reasons explained below, the Court **GRANTS** both Motions [**Docs. 86 and 106**].

The Court will address each Motion separately.

**I.    Motion for Return of Filing Fee**

By way of background, on July 3, 2017, Plaintiff filed a Complaint [Doc. 1] and paid the $400.00 filing fee. On the same day, he also filed an application to proceed in forma pauperis. [Doc. 2]. On August 17, 2017, the Court granted [Doc. 4] Plaintiff's application to proceed in forma pauperis. Subsequently, on December 27, 2017, Plaintiff filed the instant Motion.

Plaintiff's Motion requests the return of his filing fee in the amount of $400.00. For grounds, he states that the Court granted him leave to proceed in forma pauperis. In addition, he states that he has experienced undue hardship due to unexpected expenses, including medical and

travel expenses. He further states that gas alone for his medical trips are 80% of his income. He continues that he has plans to relocate to his place of his residence where his skill sets are more applicable and understood and that the fees should be remitted pursuant to his in forma pauperis status and Federal Rule of Civil Procedure 24.

"The Judicial Conference has a longstanding policy prohibiting the refund of fees, with narrow exceptions, e.g., when fees are collected without authority or as a result of administrative error on the part of the clerk's office." *Rashada v. Gonzales*, No. 1:07-CV-1055, 2007 WL 1795873, at *1 (N.D. Ohio June 20, 2007) (quoting JCUS-MAR 05, p. 11). Generally, the Court prohibits refunds of filing fees. *Id.* As the *Rashada* court explained, "To this day, '[w]ith the exception of *in forma pauperis* proceedings, neither Congress nor the Judicial Conference has authorized exceptions to the fees due upon filing the original request for relief.'" *Id.* (quoting Admin. Office of the U.S. Courts, Bankruptcy Fee Compendium III (April 2006)). "Nevertheless, the clerk must refund any fee collected without authority. For example, the clerk has no authority to collect a fee to reopen a case unless the case is closed." *Id.* (quoting Admin. Office of the U.S. Courts, Bankruptcy Fee Compendium III (April 2006)).

The instant situation is unique at best. Plaintiff filed his Complaint by sending it via mail to the Clerk's Office. With his mailing, he included a $400.00 check for the filing fee and an application to proceed in forma pauperis. He also included a letter that states, "But if either of the two are accepted, feel free to return my check and have a wonderful day." [Doc. 1-3]. In his application to proceed in forma pauperis, he states that he has $107.85, "unless [the] $400 fee is returned and admitted without prepayment." [Doc. 2 at 3].

While it is not entirely clear to the Court why Plaintiff sent the check, along with his application to proceed in forma pauperis, the Court finds that the acceptance of both was an

2

administrative oversight that warrants returning the filing fee. In making this determination, the Court has also considered whether Plaintiff should have received in forma pauperis status, given that he was financially able to send the Clerk's Office a $400.00 check. The Court, however, has revisited his application to proceed in forma pauperis and finds that he still qualifies despite his $400.00 check. For instance, in his application to proceed in forma pauperis, he explains that he has $107.85 in his bank account, "unless the $400 fee is returned," and that he spends a majority of his little income on his medical expenses. [Doc. 2 at 3]. His total assets barely exceed his total liabilities. [*Id.* at 7-9]. As explained by the Supreme Court, one need not be absolutely destitute to enjoy the benefit of proceeding in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Given the unique circumstances, the Court finds it appropriate to return the $400.00 filing fee to Plaintiff. Accordingly, Plaintiff's Motion for Return of Filing Fee [**Doc. 86**] is **GRANTED**. The Clerk of Court **SHALL** return to Plaintiff the $400.00 filing fee.

## II. Motion to Extend Time of Service

Plaintiff's Motion [Doc. 106] requests additional time to properly serve the National Institute of Health ("NIH"), the Center of Disease Control ("CDC"), and the Secretary of Defense pursuant to Federal Rule of Civil Procedure 4(i). For grounds, Plaintiff states that he believed that the U.S. Marshals Service performed the requirements under Federal Rule of Civil Procedure 4. He continues that the United States Attorney made a special appearance, objecting to his request for entry of default with respect to NIH, CDC, and the Secretary of Defense. Plaintiff further asserts that he did not attempt to keep copies from the United States and that he believed that the United States had knowledge of the case.

The Court observes that on February 20, 2018, Plaintiff moved for entry of default with respect to NIH, CDC, and the Secretary of Defense. [Docs. 99, 100, 101]. In response [Doc. 103],

the United States entered a special appearance on behalf of these Defendants, explaining that entry of default is not proper because they had not been served in accordance with Rule 4(i). Specifically, the United States explained that service was not sufficient because Plaintiff did not serve the United States Attorney for the Eastern District of Tennessee or the United States Attorney General. Plaintiff now moves for additional time to cure the defective service.

As the Court has previously explained, Rule 4(m) provides that a plaintiff must show good cause for the failure to serve within the time limits prescribed. Specifically, Rule 4(m) provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

The Court observes that this case is several months old; however, the Court is mindful that Plaintiff is proceeding pro se and has been diligent with his attempts to serve Defendants in this case as demonstrated by his communications with the U.S. Marshals Service. *See Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994) ("To demonstrate good cause, other courts have held that a plaintiff may also show he/she made a reasonable and diligent effort to effect service."). Plaintiff completed the paperwork so that the U.S. Marshals Service could serve these Defendants, and the docket entries show that the summons were executed. [Docs. 11, 31, 51]. Once the United States filed a special appearance explaining that service was not effective pursuant to Rule 4(i), Plaintiff filed the instant Motion a few days later. Until the United States filed a special appearance, Plaintiff did not understand that service of process was technically inadequate. *See id.* (explaining that Rule 4(m) "must be construed leniently with regard to pro se litigants"). Based

4

on these circumstances, the Court finds good cause to grant Plaintiff additional time. Accordingly, Plaintiff's Motion to Extend Time of Service [**Doc. 106**] is **GRANTED**. Plaintiff **SHALL** have an additional thirty days from the date of filing the instant Memorandum and Order to obtain service on these Defendants. The Court, however, **ADMONISHES** Plaintiff that another request for an extension will not likely be granted.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge